IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN DONAHUE, | : | Civil No. 3:13-CV-1071 |
| Plaintiff | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| ED OLEXA, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

On April 24, 2013, the plaintiff, Sean Donahue, a prisoner in the Luzerne County prison, filed a *pro se* civil complaint with this court. (Doc. 1.) The plaintiff's complaint directly arises out of an on-going state criminal case, and names Donahue's defense counsel as the sole defendant in this matter. Complaining that his counsel did not adequately prepare for a hearing in this case, Donahue asks this court to order counsel to refund his retainer fee. (Id.)

Donahue has not paid the filing fee and apparently seeks leave to proceed *in forma pauperis*. While we will grant leave to proceed *in forma pauperis*, as part of our legally-mandated screening of *pro se*, *in forma pauperis* prisoner cases, we have carefully reviewed this complaint, and conclude that Donahue's complaint, in its

1

current form, fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II. Discussion

### A. Legal Standards Governing Sufficiency of Civil Complaints

This court has a statutory obligation to conduct a preliminary review of *pro se* complaints filed by prisoners who seek leave to proceed *in forma pauperis* which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for

the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a

3

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

5

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. In its Current Form This Complaint Fails to State A Claim Upon Which Relief Can Be Granted

In this case, dismissal of this complaint is warranted because, in its present form, Donahue's complaint fails to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States.

In his complaint Donahue seeks to sue a private attorney, alleging that counsel is not effectively representing him in his state criminal case. The plaintiff may not bring such claims against his own state criminal defense counsel as civil rights violations pursuant to 42 U.S.C. §1983. It is well-established that § 1983 does not

by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994); <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981).

<u>Boykin v. Bloomsburg University of Pennsylvania</u>, 893 F.Supp. 409, 416 (M.D.Pa. 1995), <u>aff'd</u>, 91 F3d 122 (3d Cir. 1996)(emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights. To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

This principle applies with particular force to civil rights plaintiffs who may invite the courts to consider lawsuits against their own state criminal defense counsel. With respect to this state action requirement, it is well-settled that the conduct of an attorney, representing a client in a state criminal case, does not by itself rise to the level of state action entitling a state prisoner to bring a federal civil rights actions against his own prior counsel. See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993). Therefore, in the absence of some further well-pleaded facts, the plaintiff may not convert his dissatisfaction with the performance of his state criminal defense counsel into a federal civil rights lawsuit.

While this complaint is flawed in ways that compel its dismissal, we recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the plaintiff has not alleged facts that would state a claim upon which relief may be granted, and it appears that he may be unable to do so. Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this matter be dismissed without prejudice to the plaintiff attempting to amend this federal complaint to state

8

a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.

### III. Recommendation

Accordingly, for the foregoing reasons, the plaintiff is GRANTED leave to proceed *in forma pauperis*, but IT IS RECOMMENDED that the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of April 2013.

>***S/Martin C. Carlson***
>Martin C. Carlson
>United States Magistrate Judge