# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN DONAHUE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:13-CV-1071 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | (Magistrate Judge Carlson) |
| ED OLEXA, | : | |
| Defendant | : | |

## MEMORANDUM

On April 24, 2013, Plaintiff, Sean M. Donahue, an inmate currently confined at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 complaining about Defendant Ed Olexa, Esquire, the attorney representing him in an ongoing state criminal prosecution. (Doc. 1). The same day, Magistrate Judge Martin C. Carlson screened the complaint pursuant to 28 U.S.C. § 1915A and issued a Report and Recommendation ("R&R"). (Doc. 3). The Magistrate Judge finds that the complaint fails to state a claim upon which relief can be granted because section 1983 does not create a right to damages for ineffective assistance of counsel without an underlying constitutional violation. (Doc. 3), citing Albright v. Oliver, 510 U.S. 266, 271 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"). Additionally, the R&R explains that 42 U.S.C. § 1983 requires a showing that the defendant is a state actor. (Doc. 3), citing West v. Atkins, 487 U.S. 42, 50 (1988) (concluding that a "criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State"). The R&R recommends that Plaintiff

FILED
SCRANTON
MAY 13 2013
PER _____
DEPUTY CLERK

be granted leave to proceed in forma pauperis[1] and that he be afforded an opportunity to file an amended complaint before his complaint is dismissed with prejudice. (Doc. 3) (citing Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007)).

On April 25, 2013, the Clerk of Court issued a 30-Day Administrative Order advising Plaintiff that because he filed a civil rights complaint without a filing fee or the forms required to proceed in forma pauperis, he has thirty (30) days to either pay the statutory filing fee of $350.00, or to file a properly completed and signed application to proceed in forma pauperis and an authorization form, copies of which were sent. (Doc. 4). The Administrative Order further provides that if Plaintiff fails to timely comply with the terms of the Order, his case will be dismissed. (Id.).

No objections to the R&R have been filed and, for the reasons set forth below, the R&R will be adopted in part. See 28 U.S.C. § 636(b)(1)(C); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.) (holding that in the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). This Court finds no error in Magistrate Judge Carlson's analysis of Plaintiff's claim and it will be adopted. However, in light of the fact that Plaintiff has yet failed to comply with the 30-Day Administrative Order, his in forma pauperis status will not be granted at this time. If Plaintiff pays the filing fee or files the

---

[1] The R&R recognizes that Plaintiff has not paid the filing fee or a properly completed motion, but finds that he "**apparently** seeks leave to proceed in forma pauperis." (Doc. 3, p. 1) (emphasis added).

2

appropriate in forma pauperis forms, he will be granted leave to file an amended complaint. But, if Plaintiff fails to timely comply with the Administrative Order dated April 25, 2013, his case will be dismissed. See (Doc. 4).

A separate Order will be issued.

Date: May 13, 2013

United States District Judge