## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

SEAN DONAHUE,                  :
           Plaintiff        :     CIVIL ACTION NO. 3:13-CV-1071
                         :
      v.                  :     (Judge Nealon)
                         :     (Magistrate Judge Carlson)
ED OLEXA,             :
           Defendant     :

FILED
SCRANTON

JUN 2 4 2013

PER _____
DEPUTY CLERK

### MEMORANDUM

On April 24, 2013, Plaintiff, Sean M. Donahue, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 complaining that Defendant Ed Olexa, Esquire, the attorney defending Plaintiff in an ongoing state criminal prosecution in Luzerne County, Pennsylvania, was not effectively representing him in the criminal case. (Doc. 1).[1] The same day, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that Plaintiff failed to state a claim. (Doc. 3); see 28 U.S.C. §§ 1915, 1915A. The R&R reasoned that Plaintiff may not hold a private party, such as his criminal defense attorney, liable under section 1983 because the statute typically requires the defendant to be a state actor. (Doc. 3, pp. 7-8), citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (holding, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'"). The Magistrate Judge further explained that section 1983 does not create a right to damages without an underlying constitutional violation. (Doc. 3, pp. 6-7), citing Albright v. Oliver, 510 U.S. 266, 271 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

---

[1] Attorney Olexa is no longer representing Plaintiff in his state criminal case. See Commonwealth of Pa. v. Donahue, CP-40-CR-3501-2012 (Luzerne Ct. Com. P. October 5, 2012).

conferred.'"). Magistrate Judge Carlson determined that because Plaintiff was apparently seeking in forma pauperis status, he should be granted leave to proceed in forma pauperis. (Doc. 3, p. 1). The R&R recommended that before the complaint is dismissed for failure to state a claim, Plaintiff be afforded an opportunity to file an amended complaint. (Doc. 3, pp. 8-9) (citing Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007)).

On May 13, 2013, this Court adopted the R&R, except as it related to Plaintiff's in forma pauperis status. (Docs. 6-7). This Court ordered that if Plaintiff timely paid the filing fee or filed the appropriate in forma pauperis forms, he would be granted leave to file an amended complaint; otherwise, his case would be dismissed. (Id.).

On May 24, 2013, Plaintiff filed a motion for leave to proceed in forma pauperis and an amended complaint. (Docs. 9, 11). He has also filed two motions seeking the appointment of counsel. (Docs. 8, 13). This Court has screened the amended complaint pursuant to 28 U.S.C. § 1915 and, for the reasons set forth below, it will be dismissed.[2]

**Standards of Review**

"Because [Petitioner] is proceeding in forma pauperis, the court is obligated to screen the amended complaint pursuant to 28 U.S.C. § 1915." Witcher v. Maclunny, 2010 U.S. Dist. LEXIS 17382, *1 (M.D. Pa. 2010) (Munley, J.). Section 1915(e)(2) directs the court to dismiss a complaint that is "frivolous or malicious", "fails to state a claim upon which relief may be granted", or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915. The standard of review is the same as for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Bartelli v. Galabinski, 228 Fed. Appx. 194,

---

[2]Dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

196 (3d Cir. 2007). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint states a plausible claim for relief, which is a "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-58 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" Id.; FED. R. CIV. P. 8(a)(2) (requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). The "court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In a section 1983 civil rights action, the plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. Parratt v. Taylor, 451 U.S. 527 (1981); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Further, section 1983 is not a source of substantive rights; rather, it is a means to redress violations of federal law by state

actors. <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 284-85 (2002).

**<u>Discussion</u>**

The only named defendant in the amended complaint is Ed Olexa, Esquire. (Doc. 1).

Plaintiff alleges that Attorney Olexa, "acting in the capacity of a private attorney," failed to

inform Plaintiff of his association with the Public Defender's Office and "tricked" Plaintiff to

pay for the same representation he could have received from a court appointed attorney. (<u>Id.</u>).

Plaintiff alleges that Attorney Olexa decided not to fight to have the case dismissed in order to

avoid "ruffling feathers" with the state. (<u>Id.</u>).

In the R&R and Memorandum dismissing the original complaint, Plaintiff was advised

that to proceed under 42 U.S.C. § 1983, he must show that the defendant acted under color of

state law and, further, that the conduct of an attorney representing a criminal defendant generally

does not meet the state action requirement. (Docs. 3, 6), <u>citing</u> <u>West v. Atkins</u>, 487 U.S. 42, 50

(1988) (concluding that a "criminal lawyer's professional and ethical obligations require him to

act in a role independent of and in opposition to the State"). Nevertheless, the amended

complaint fails to contain any evidence that Attorney Olexa was a state actor or that he conspired

with a state actor. <u>See</u> <u>Fisher v. Confer</u>, 2009 U.S. App. LEXIS 11098, *2 (3d Cir. 2009)

(finding that the plaintiff's "vague allegations of a conspiracy between defense counsel and the

police were frivolous"), <u>citing</u> <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980).

The allegations of misconduct in the amended complaint relate solely to Attorney Olexa's

performance of the "traditional functions of counsel." <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S.

312, 317 (1981) (holding that a criminal defense attorney "does not act under color of state law

when performing the traditional functions of counsel to a criminal defendant"). When liability is

4

premised on counsel's actions or inactions in connection with performing traditional functions as defense counsel, even if he was so neglectful that his representation amounted to no representation at all, counsel is not acting under color of state law. See Kontaxes v. Connors, 2012 U.S. Dist. LEXIS 183470, *6-8 (W.D. Pa. 2012) (stating that the facts may be troubling, but the alleged acts and/or failures to act occurred in the course of representing a criminal defendant and "fall squarely within Polk County's ambit of 'performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'"), citing Polk County, 454 U.S. 312; Williamson v. Brooks, 2000 U.S. App. LEXIS 8725 (7th Cir. 2000) (concluding that the claim against defense counsel, who was subsequently disbarred for mishandling client funds, for overbilling and then refusing to continue representation without payment did not allege state action). Accordingly, the amended complaint will be dismissed for failure to state a claim. See Santos v. Sec'y of D.H.S., 2013 U.S. App. LEXIS 8299, *7-8 (3d Cir. 2013) (affirming dismissal of the section 1983 claims against the plaintiff's court-appointed attorney "because she is not a state actor and is thus not a proper defendant under § 1983"); Fisher, 2009 U.S. App. LEXIS 11098 at *2 (holding that "a privately retained attorney is not a 'state actor' for purposes of § 1983 when performing the traditional functions of defense counsel in a criminal proceeding"); Allam v. Moulton, 2011 U.S. Dist. LEXIS 46842, *3-4 (M.D. Pa. 2011) (Caldwell, J.) (dismissing the section 1983 complaint after review under 28 U.S.C. § 1915(e)(2)(B), because the defendant, counsel for the plaintiff in criminal proceedings before the juvenile court, was not a state actor).

**Conclusion**

The amended complaint names as the sole defendant Ed Olexa, Esquire, Plaintiff's

defense counsel in state criminal proceedings. The allegations of the amended complaint relate to Attorney Olexa's conduct while performing the traditional functions of counsel to a criminal defendant. Consequently, Attorney Olexa is not a state actor for purposes of 42 U.S.C. § 1983 and the amended complaint fails to state a claim. Notably, dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g). See DeAngelo v. Brady, 185 Fed. Appx. 173, 175 (3d Cir. 2006) (dismissing the in forma pauperis appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because the allegations of the complaint, which pertain to defense counsel's performance of traditional attorney functions, fail to state a claim under section 1983); Harrison v. Atl. Office of the Pub. Defender, 2010 U.S. Dist. LEXIS 106529 (D.N.J. 2010) (stating that dismissal of the section 1983 complaint against the public defender defendants counts as a strike for purposes of 28 U.S.C. § 1915(g)).

A separate Order will be issued.

Date: June 24, 2013          **United States District Judge**